## Palombi v. Panuccio

C.P of Bucks County, no. A06-93-63027-C-20.

*Stewart J. Berger,* for plaintiff.
*Kathleen D. Dautrich,* for defendant.

McANDREWS, *J.,* January 29, 1997—This opinion is prepared pursuant to Pennsylvania Rule of Appellate Procedure 1925.

By order dated October 24, 1996, the court awarded John A. Palombi, Father, primary physical custody of Valerie A. Palombi, a minor child born on May 7, 1991. Maria Panuccio, Mother, was granted partial custody as set forth in the order. It is from this order that Mother appeals.

The parties in the instant case are formerly husband and wife having separated on July 11, 1993. They were divorced on October 17, 1995 by decree of the Bucks

County Court. On November 1, 1993, Father filed a petition for custody of Valerie. On May 3, 1994, an order was entered by agreement which gave primary physical custody to Mother and partial custody to Father. Both parties resided in Bucks County at the time. On June 15, 1995, an agreement between the parties changing partial custody and visitation periods was submitted to the court and entered as a court order. This order contained a provision requiring each party to give the other 30 days' notice of an address change.

On or about November 13, 1995, Mother, without notice to Father, moved with Valerie to Patton, Cambria County, Pennsylvania. Patton is located approximately 300 miles from the home of Father. Mother did not receive prior court approval for the relocation.

Father responded by filing a petition to modify the custody agreement and two petitions for contempt in December of 1995. On March 26, 1996, a hearing on the petitions was held before the undersigned. The parties reached an agreement and the court entered an order whereby Valerie would temporarily reside with Father pending a final hearing regarding the relocation to Patton, Pennsylvania.

Thereafter, upon advice of counsel, Mother filed a petition for custody in Cambria County wherein she averred to have "no information of a custody proceeding concerning the child pending in a court of this Commonwealth." (Memorandum of respondent, exhibit "B".) Mother also falsely stated in the petition that "Valerie currently resides with Mother, Maria Panuccio, at 527 E. Third Avenue, Patton, Pa." *(Id.)* Father was obliged to respond to the Cambria County proceeding at great expense. Upon a petition seeking to hold Mother in contempt, arising out of the filing of the Cambria County petition, this court conducted a hearing on Au-

gust 12, 1996. At the hearing, Mother agreed to withdraw the Cambria County petition and proceed in Bucks County. An order was entered and the Cambria County petition was withdrawn.

Pursuant to a motion for rehearing and special relief filed by Mother, a hearing was held on September 4, 1996 on the issue of Mother's relocation to Patton, Pennsylvania. Testimony was heard from both Mother and Father. On October 24, 1996, the court entered the order from which Mother now appeals, directing that the child remain in the primary physical custody of Father.

The record of the September 4, 1996 hearing reveals Mother's reasons for removing the child to Patton, Cambria County. Mother testified she has a boyfriend. The boyfriend's sister is institutionalized for mental health reasons in Cambria County near Patton. The boyfriend's mother visited her daughter every weekend, which necessitated a round-trip drive of several hundred miles from Bucks County. The boyfriend's mother decided to move to Patton to be closer to the institution. The boyfriend decided to go with his mother, and Mother chose to follow, taking Valerie with her.

The record also discloses the impacts of the move upon the custody arrangement and the minor child. Father testified that he had neither received advance notice of nor consented to the relocation. The relocation reduced Father's visits with his daughter to two occasions in five months. Mother testified that the disruptions in the existing custody arrangement had caused Valerie to be "very withdrawn."

The court now addresses Mother's appeal, without the assistance of a memorandum of law, which counsel failed to submit even though ordered to do so. The gravamen of Mother's contentions appears to be that

she should have been permitted to retain primary joint custody of minor child, Valerie, after relocating approximately 300 miles from Father with neither prior court approval nor consent of Father.

Under Pennsylvania law, when a custodial parent relocates at a geographical distance from the noncustodial parent, the court must reassess the custody arrangement through application of a three-prong test: "(1) the potential advantages of the proposed move, the likelihood that the move would substantially improve the quality of life for the custodial parent and the child, and the probability that the move is a result of a momentary whim on the part of the custodial parent;

"(2) the legitimacy of the motives of both the custodial and noncustodial parents in seeking the move or to prevent it; and

"(3) the availability of realistic, substitute visitation arrangements which will adequately foster an ongoing relationship between the child and noncustodial parent." See also, *Gruber v. Gruber,* 400 Pa. Super. 174, 184-85, 583 A.2d 434, 439 (1990). The custodial parent bears the burden of proving that the relocation meets all three components. *Id.*

Mother clearly fails to meet the burden set forth in *Gruber.* Mother testified that she had relocated simply to be with her boyfriend. It was not a matter of better employment opportunities. None of Mother's family members reside in the area of Patton. There was no evidence offered to suggest that the move benefited the minor child. In this court's view, the reasons offered do not rise beyond "momentary whims." See *Gruber, supra.* Additionally, Father testified persuasively that he did not receive prior notice of or give consent to the move. In light of Mother's misstatements in the Cambria County custody petition, Father's testimony

cast serious doubt on the legitimacy of Mother's motives for transferring residence. Lastly, the distance between Patton and Father's residence speaks for itself. It thwarted Father's good faith efforts to continue in his visitation schedule and precluded the establishment of realistic alternative arrangements.

For the above-stated reasons, the court entered its order of October 24, 1996.